**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANET ULLOA-MARTINEZ, | No. 06-70123 |
| Petitioner, | Agency No. A097-475-053 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2010
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[**]

Petitioner Janet Ulloa-Martinez ("Ulloa") petitions for review of a decision

of the Board of Immigration Appeals ("BIA") affirming the denial of Ulloa's

applications for asylum and for protection under the United Nations Convention

Against Torture ("CAT"). We deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

We review the BIA's determination that Ulloa was ineligible for asylum and for CAT protection for substantial evidence. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998) (asylum); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (CAT). "Under this standard, a petitioner contending that the BIA's findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it." *Singh*, 134 F.3d at 966 (quotation marks and brackets omitted).

An asylum applicant must show either past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Ulloa asserts that she has been persecuted, and faces a well-founded fear of future persecution, because of a business dispute involving her mother. Although membership in a family may constitute a particular social group in the context of establishing eligibility for asylum or withholding of removal, *Thomas v. Gonzales*, 409 F.3d 1177, 1188-89 (9th Cir. 2005) (en banc), *vacated and remanded on other grounds*, 547 U.S. 183 (2006), Ulloa has nonetheless failed to establish her eligibility for asylum. Even assuming that Ulloa's rape by two unknown men was motivated in whole or in part by her family membership, "only when the alleged persecution precludes relocation and exceeds the government's ability or will to

-2-

control can a claim of persecution based on membership in a particular family lead to eligibility for asylum." *Thomas*, 409 F.3d at 1189. Here, the record does not compel the conclusion that the Honduran government could not, or would not, prevent persecution of Ulloa based on her family membership. First, we have explained that "[i]t is, of course, far more likely that persecution [on the basis of family membership] will reach [the requisite] proportions [to establish an asylum claim] when kinship ties are mingled with political religious, racial, or ethnic affinities," *id.*, but Ulloa makes no such claim here: by Ulloa's own testimony, her alleged persecution on the basis of family membership was the result of a business dispute. Moreover, the record does not compel the conclusion that the government was unable or unwilling to control Ulloa's persecutors or would be unable or unwilling to do so in the future. The failure of the Honduran police to make progress in investigating and prosecuting Ulloa's attackers can more easily be explained by the ponderous investigative hurdles they faced than by their acquiescence in the attack.

Ulloa also seeks protection under the CAT. To obtain protection under the CAT, an applicant must establish "that it is more likely than not that . . . she would be tortured," 8 C.F.R. § 208.16(c)(2), where "[t]orture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally

inflicted on a person for [certain] purposes . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 208.18(a)(1). The BIA determined that any acts that might have constituted torture were not inflicted by or with the acquiescence of a person acting in an official capacity, and the record does not compel a contrary conclusion.

PETITION DENIED.